IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE AYUSO,<br><br>    Petitioner,<br><br>  vs.<br><br>DAVID A. ROCK, Superintendent, Great Meadow Correctional Facility,<br><br>    Respondent. | No. 9:08-cv-01360-JKS<br><br>DISMISSAL ORDER |

  Petitioner Jose Ayuso, a state prisoner proceeding *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Ayuso is currently in the custody of the New York Department of Correctional Services, incarcerated at the Great Meadow Correctional Facility. Respondent has answered, and Ayuso has replied.[1]

## I. BACKGROUND/PRIOR PROCEEDINGS

  Ayuso was convicted upon a guilty plea in the Oneida County Court of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law, § 265.03) and Assault in the Second Degree (N.Y. Penal Law, § 120.05). The Oneida County Court sentenced Ayuso to 13 years' imprisonment on the weapon possession conviction and a seven-year term on the assault conviction, to be served concurrently. Ayuso was also sentenced to five years' post-release supervision on each conviction. Ayuso timely appealed his conviction to the Appellate Division,

---

[1] Ayuso filed a document titled "Advanced: Traverse and/or reply Memorandum" (Docket No. 7) and a document titled "Pro-Se Response to Respondent Answer to be Incorporated with Advanced Reply" (Docket No. 13).

Fourth Department, which affirmed his conviction and sentence, and the New York Court of Appeals denied leave on March 21, 2006.[2]  Ayuso's conviction became final 90 days later, June 19, 2006, when his time to file a petition for *certiorari* in the U.S. Supreme Court expired.[3]

On September 22, 2004, Ayuso filed a civil rights action in the Western District of New York under 42 U.S.C. § 1983, alleging excessive force.[4]  This action was transferred by the Western District to this Court and dismissed, without prejudice, at the request of Ayuso on November 1, 2004.  Ayuso then filed a second civil rights action under 42 U.S.C. § 1983 on February 3, 2005, again alleging excessive force.[5]  The second action was administratively closed without prejudice to being reopened for trial once Ayuso was released from prison.  The second § 1983 civil rights action is presently on appeal to the Court of Appeals for the Second Circuit.[6]  On February 11, 2008, Ayuso filed a motion under N.Y. Criminal Procedure Law § 440.10 to vacate his conviction in the Oneida County Court.  The Oneida County Court denied Ayuso's § 440.10 motion, and the Appellate Division denied leave to appeal on December 1, 2008.  Ayuso filed his petition in this Court on December 17, 2008.

---

[2] *People v. Ayuso*, 806 N.Y.S.2d 892 (N.Y.A.D. 2005), *lv. denied,* 847 N.E.2d 376 (N.Y.2006) (Table).

[3] *Pratt v. Greiner*, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002).

[4] *Ayuso v. Amerosa*, 6:04-cv-01101-GLS-DRH.  This Court takes judicial notice of its own records.  Fed. R. Evid. 201(b); *see AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003).

[5] *Ayuso v. Amerosa*, 6:05-cv-00163-GLS-DRH.

[6] *Ayuso v. Amerosa*, 08-5914-cv.

II.  ISSUE PRESENTED

By order of this Court, the sole issue presented for resolution at this time is whether or not the petition was timely filed.[7]

III. APPLICABLE LAW

A state prisoner has one year from the date his or her conviction becomes final within which to file a petition for federal habeas corpus relief.[8]  Unless tolled, Ayuso's one year expired June 19, 2007.  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the limitation period.[9]

IV.  DISCUSSION

In this case, Ayuso filed his first post-conviction challenge in the state court on February 11, 2008, nearly eight months after his one year lapsed.  Thus, it had no tolling effect.[10]  Ayuso contends that his federal § 1983 civil rights action was an "other collateral review" that tolled the running of the one-year-limitation period.  Citing *Walker v. Atuz*,[11] Ayuso argues that the word "State" in § 2244(d)(2) modifies only "post-conviction," not "other collateral review."  *Walker* was reversed by the Supreme Court *sub nom. Duncan v. Walker*.  Although Ayuso also cites *Duncan v. Walker* in support of his contentions, he misstates or misunderstands *Duncan*,

---

[7] Docket No. 3, p. 6.

[8] 28 U.S.C. § 2244(d)(1)(A).

[9] 28 U.S.C. § 2244(d)(2).

[10] *See Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (per curiam); *Sorce v. Artuz*, 73 F.Supp.2d 292, 297 (E.D.N.Y. 1999).

[11] 208 F.3d 357 (2d Cir. 2000), *rev'd sub nom. Duncan v. Walker*, 533 U.S. 167 (2001).

which clearly eviscerates Ayuso's position. In *Duncan*, the Supreme Court unequivocally held that the word "State" applied to the entire phrase "post-conviction or other collateral review."[12] Thus, Ayuso is not entitled to statutory tolling.

Although it is not entirely clear from either reply Ayuso filed, it appears he may be making a claim that the time did not begin to run until he discovered the factual predicate necessary to file his § 440.10 motion.[13] Ayuso contends, *inter alia*, that he was exercising due diligence in pursuing his rights by prosecuting his § 1983 civil rights actions and was impeded from learning all the facts necessary to bring his § 440.10 motion. Nowhere in either of his replies in this case does Ayuso identify what those facts might have been. Nor is it evident from the § 440.10 motion itself what those predicate facts were. However, even accepting Ayuso's contention, discovery closed in the second civil rights case on October 1, 2006.[14] Thus, even if measured from that date, Ayuso's one year would have expired on October 1, 2007, a little over four months prior to the time Ayuso filed his § 440.10 motion in the Oneida County Court.

To the extent that Ayuso seeks to have this Court treat his petition as a petition for a writ of error *coram nobis*, it too must fail. A federal district court lacks subject matter jurisdiction to issue a writ of error *coram nobis* to set aside a state court conviction.[15]

---

[12] *Duncan*, 533 U.S. at 172-73.

[13] 28 U.S.C. § 2244(d)(1)(D).

[14] *Ayuso v. Amerosa*, 6:05-cv-00163-GLS-DRH, Text Only Order dated May 19, 2008.

[15] *Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006).

V.  CONCLUSION AND ORDER

Ayuso's petition was not timely filed.  Accordingly,

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[16]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[17]

The Clerk of the Court is to enter final judgment accordingly.

Dated:  July 28, 2010.

>                    /s/ James K. Singleton, Jr.
>                    JAMES K. SINGLETON, JR.
>                    United States District Judge

---

[16] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[17] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.